**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20687**
**Summary Calendar**

_____

**SPHERE DRAKE INSURANCE COMPANY,**

**Plaintiff-Appellee,**

**versus**

**D. S. STERLING PROPERTIES, INC., ET AL.,**

**Defendants,**

**D. S. STERLING PROPERTIES, INC.,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(95-CV-4810)**

_____
**April 29, 1997**

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Sphere Drake Insurance Company filed a declaratory judgment action against its insured, D. S. Sterling Properties, Inc., claiming that it was not obligated to defend or indemnify Sterling in a state court wrongful death action by the mother of a tenant killed by another tenant in an apartment complex owned by Sterling.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The district court granted summary judgment for Sphere Drake; that judgment became final when the coverage issues were severed from the remaining issues.

Sterling contends that (1) Sphere Drake is not entitled to enforce the insurance contract's coverage exclusions because its violations of the surplus-lines requirements of the Texas Insurance Code disqualified it from being an eligible surplus-lines insurer; (2) even if Sphere Drake is an eligible surplus-lines insurer, the coverage exclusions for assault and battery and punitive damages are unenforceable; and (3) the district court erred by granting summary judgment on issues Sphere Drake did not address until its reply to Sterling's cross-motion for summary judgment.

Pursuant to our *de novo* review, we **AFFIRM** for essentially the reasons stated by the district court. ***Sphere Drake Ins. Co. v. D. S. Sterling Properties, Inc., et al.***, No. H-95-4810 (S.D. Tex. May 7, 1996). Sterling's contentions regarding procedural irregularities in the summary judgment proceedings are without merit.

*AFFIRMED*